```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                        CHARLESTON
```

**KEVIN ERIC KESTERSON,**

       **Petitioner,**

**v.**                                     **Case No. 2:08-cv-00903**

**DAVID BALLARD**, **Warden,**
**Mount Olive Correctional Complex,**

       **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

On June 22, 2008, Petitioner deposited a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (docket sheet document # 1) into the institutional mail at the Mount Olive Correctional Complex. The petition was received in the Clerk's Office on July 7, 2008. This matter is assigned to the Honorable Joseph R. Goodwin, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

By Order entered July 10, 2008, the undersigned directed that Respondent file an answer or other response to the petition by September 5, 2008. (# 7). On September 5, 2008, Respondent filed a Response to Petition for Writ of Habeas Corpus (# 10), a Motion to Dismiss, with accompanying exhibits (# 11), and a Memorandum of Law in support thereof (# 12). Respondent's motion asserts that

Petitioner's section 2254 petition is untimely under 28 U.S.C. § 2244(d)(1).

On September 24, 2008, Petitioner filed a Consolidated Response and Objections to Respondent's Motion to Dismiss and Respondent's Answer, in which Petitioner challenges the constitutionality of the one-year statute of limitations for filing a section 2254 petition. (# 13). Respondent did not file a reply brief. The matter is now ripe for determination.

## **PROCEDURAL HISTORY**

On September 10, 2002, Petitioner was indicted by a Fayette County grand jury on 15 counts of Sexual Abuse by a Parent, Guardian or Custodian, and 47 counts of Incest, stemming from repeated acts of sexual intercourse with his daughter from December 1998 to June 2001. (Case No. 02-F-120). (# 11, Ex. 1). On November 25, 2002, Petitioner pled guilty to three counts of Incest (Counts One, Three and Five) and three counts of Sexual Abuse by a Parent, Guardian or Custodian (Counts Two, Four and Six). (Id.)

By Order entered December 6, 2002, and in accordance with Petitioner's plea agreement, the Circuit Court of Fayette County sentenced Petitioner to concurrent terms of not less than five, nor more than fifteen, years on Counts One, Three and Five, and concurrent terms of not less than ten, nor more than twenty, years on Counts Two, Four and Six, with the two groups of sentences to be served consecutively to one another, for a total sentence of not

less than fifteen, nor more than thirty-five, years in prison. (Id.)  Petitioner did not file a direct appeal of his convictions and sentences to the Supreme Court of Appeals of West Virginia (hereinafter the "SCAWV").

On September 22, 2003, Petitioner, by counsel, filed a document in the SCAWV that was treated by the court as a Petition for a Writ of Habeas Corpus under the SCAWV's original jurisdiction.  (Id., Ex. 2).  The SCAWV refused the petition on October 29, 2003.  (Id.)

On September 27, 2004, Petitioner, by counsel, filed a Petition for a Writ of Habeas Corpus in the Circuit Court of Fayette County (Case No. 04-C-339).  (Id., Ex. 3).  The Circuit Court denied that petition on the merits by order entered on June 21, 2007.  (Id.)

Petitioner, by counsel, filed a Petition for Appeal from the denial of his Circuit Court habeas petition on September 12, 2007. (Id., Ex. 4).  The SCAWV refused the Petition for Appeal on January 10, 2008.  (Id.)

Petitioner then filed the instant section 2254 petition, which was received by the court on July 7, 2008.[1]  The present petition challenges the constitutionality of the state statutes under which

---

[1] Pursuant to the holding in Houston v. Lack, 487 U.S. 266 (1988), the undersigned will consider the filing date of Petitioner's section 2254 petition to be June 27, 2008, the date of the postmark from the Mount Olive Correctional Complex.

Petitioner was convicted.

## ANALYSIS

On April 24, 1996, a one-year limitation for filing of federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"). The AEDPA provides, in part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

### Petitioner's petition is untimely

Petitioner's judgment order was entered on December 6, 2002, after the enactment of the AEDPA and, thus, is subject to its provisions. Petitioner did not file a petition for direct appeal of his convictions and sentences, so his judgment became final on

or about April 6, 2003, after the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Thus, the one-year period in which Petitioner could have filed a timely section 2254 petition, barring any tolling event, expired on April 6, 2004.

As noted by Respondent, the one-year statute of limitations applicable to Petitioner's case began to run on April 7, 2003, and ran for 168 days, or until September 22, 2003, when Petitioner filed a Petition for a Writ of Habeas Corpus under the original jurisdiction of the SCAWV. The statute of limitations was then tolled until October 29, 2003, when the SCAWV refused that petition. The statute then began to run again on October 30, 2003, and expired 197 days later, on May 14, 2004.

Petitioner's Circuit Court habeas corpus petition was not filed until September 27, 2004, after the expiration of the statute of limitations. Thus, the time during which that petition was pending did not toll the statute of limitations. As Petitioner did not file the instant section 2254 petition until June 27, 2008, more than four years after the expiration of the one-year time limit, the current petition is clearly untimely under 28 U.S.C. § 2244(d)(1).

<u>Petitioner's argument on the constitutionality of the AEDPA</u>

In Petitioner's Consolidated Response and Objections (# 13), Petitioner asserts that the AEDPA statute of limitations is constitutionally infirm. Specifically, Petitioner asserts that the

AEDPA violates the Ex Post Facto and Bill of Attainder clauses of the United States Constitution, and also appears to assert a violation of the Suspension Clause, which states that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended . . . ." U.S. Const., Article 1, § 9. Petitioner's Response states:

> Nevertheless, the Constitution of our Country stands to forbid exactly what here has happened. An encroachment, whether it be procedural or statutory: a law that makes a substantial change in the procedural protections of the esteemed writ of habeas corpus, so as to deny any review by the Federal Courts, stands to obstruct the very principles that the Framers sought to protect. This is why we have the first ten amendments. Fear of just this situation. If, this man had the Constitutional right to Habeas Corpus and the Right to Access the Courts for redress of his grievances, then absolutely, this Court must find the A.E.D.P.A. in derogation of the Constitution. He must be permitted his day in Court.
>
> Moreover, it operates as a Bill of Attainder where it does not permit him any review of his claims in the United States Courts. Held in Prison with no one to review the accuracy of his conviction. Moreso, the Courts in West Virginia (other than the Circuit Court who imposed the sentence) have not check the henhouse to see what the fox is up to. Without federal intervention, there can be no justice, just unfettered unfairness without anyone to stop this run-away train. Again, the A.E.D.P.A. must be found in derogation of the Bill of Attainders Clause in its effect and removed as unconstitutional.

(# 13 at 6-7).

Petitioner's offenses and criminal proceedings took place well after the enactment of the AEDPA statute of limitations. Thus, there are no ex post facto implications regarding the application of the statute of limitations to Petitioner's conviction. Furthermore, the constitutionality of the AEDPA statute of

limitations has been upheld under the Suspension Clause of the United States Constitution. See, *e.g.*, Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000). In Green, the appellant contended that the AEDPA's one-year limitation period unconstitutionally suspends the writ of habeas corpus. The Ninth Circuit found as follows:

> The one-year limitations period violates the Suspension Clause if it renders the remedy of habeas corpus "inadequate or ineffective." Swain v. Pressley, 430 U.S. 372, 381, 97 S. Ct. 1224, 51 L. Ed.2d 411 (1977). We join the other circuits that have considered this issue and hold that AEDPA's one-year limitation does not constitute a per se violation of the Suspension Clause.
>
> The one year limitation does not violate the Suspension Clause because it is not jurisdictional and may be subject to equitable tolling. See Lucidore v. New York State Div. of Parole, 209 F.3d 107, 113 (2d Cir. 2000)(concluding that "because AEDPA's one-year statute of limitations leaves habeas petitioners with some reasonable opportunity to have their claims heard on the merits," it does not constitute a per se violation of the Suspension Clause) * * * "The one-year time period begins to run in accordance with individual circumstances that could reasonably affect the availability of the remedy, but requires the inmates to diligently pursue claims." Miller [v. Marr], 141 F.3d [976] at 978 [(10th Cir. 1998)]. * * * We therefore hold that the one-year limitation period does not per se render the writ of habeas corpus inadequate or ineffective.

223 F.3d at 1003-1004.

The United States Court of Appeals for the Fourth Circuit has held that the limitation period set forth in 28 U.S.C. § 2244(d)(1) is subject to equitable tolling. See Harris v. Hutchinson, 209 F.3d 325, 329-330 (4th Cir. 2000). As to when equitable tolling should apply, the Court has stated:

> We believe, therefore, that any resort to equity must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Id. at 330. The Court opined that equitable tolling should apply in "two generally distinct kinds of situations:" (1) where a plaintiff/petitioner is prevented from asserting his claim by some kind of wrongful conduct on the part of the defendant/respondent; and (2) where extraordinary circumstances beyond the plaintiff/petitioner's control made it impossible to file the claims on time.  Id.

To the extent that Petitioner is requesting in his Response/Objections to Respondent's Motion to Dismiss that the one-year statute of limitation be equitably tolled, either because Petitioner was not aware of the one-year statute of limitations for filing a federal habeas corpus petition under 28 U.S.C. § 2254, or because his counsel did not advise him of the one-year statute of limitations, or assist him in filing a timely section 2254 petition, those arguments fail.  First, there is no right to appointment of counsel in a civil case such as a habeas corpus proceeding.  Moreover, the one-year limitations period under the AEDPA may be equitably tolled only because of wrongful conduct on the part of the respondent or where "extraordinary circumstances beyond [the petitioner's] control made it impossible to file the claims on time." Harris v. Hutchison, 209 F.3d 325, 329-330 (4th

Cir. 2000); see also Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999).

It is clear that ignorance of the law, or the lack of appointment of counsel are not "extraordinary circumstances" sufficient to equitably toll the statute of limitations.  See, *e.g.*, United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(pro se status and ignorance of the law does not justify equitable tolling; Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991)(refusing to apply equitable tolling where the delay in filing was the result of a plaintiff's unfamiliarity with the legal process or his lack of legal representation); United States v. Flores, 981 F.2d 231, 236 (5th Cir. 1993)(pro se status, illiteracy, deafness, and lack of legal training are not external factors sufficient to excuse or extend limitations period); Fisher, *supra*, 174 F.3d at 714 ("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing").

Furthermore, the fact that Petitioner did have court-appointed counsel does not alter the merit of Petitioner's argument for equitable tolling.  The Supreme Court has made it clear that "the principles of equitable tolling . . . do not extend to . . . garden variety claims of excusable neglect."  Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990).  In Rouse v. Lee, the Fourth Circuit recognized that, in general, "a mistake by a party's

counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding." 339 F.3d 238, 248 (4th Cir. 2003)(citing Harris, *supra*, 209 F.3d at 331). Accordingly, the Fourth Circuit affirmed the district court's denial of equitable tolling of the AEDPA statute of limitations after Rouse's counsel missed the statutory deadline by one day.

In Rouse, the court held that "the actions of Rouse's attorneys are attributable to Rouse and, thus, do not present 'circumstances external to the party's own conduct.'" Id. at 249. The court further stated:

> Former counsel's errors are attributable to Rouse not because he participated in, ratified, or condoned their decisions, but because they were his agents, and their actions were attributable to him under standard principles of agency (citations omitted).

Id. The court further based its decision upon the fact that there is no right to counsel in a federal habeas proceeding, and "in the absence of constitutional ineffective assistance of counsel, attorney error is attributable to the petitioner." Id. at 250 (citations omitted).

The application of a one-year statute of limitations for filing a section 2254 habeas corpus petition does not cause citizens to lose their right to federal review, as argued by Petitioner; nor does it restrain the state courts from engaging in

10

habeas corpus review. It merely implements a reasonable time period for filing a federal habeas petition, after the opportunity for state court review. Petitioner's arguments lack merit.

For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's present Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (# 1) is untimely under 28 U.S.C. § 2244(d)(1), and Petitioner has not presented a valid basis for equitable tolling of the statute of limitations. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Respondent's Motion to Dismiss (# 11) and dismiss this matter with prejudice.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on the opposing party, Chief Judge Goodwin and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner and counsel of record.

|  |  |
|---|---|
| January 23, 2009<br>Date | Mary E. Stanley<br>Mary E. Stanley<br>United States Magistrate Judge |

12