IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**KEVIN ERIC KESTERSON,**

    **Petitioner,**

**v.**            **CIVIL ACTION NO.  2:08-cv-00903**

**DAVID BALLARD,**

    **Defendant.**

**ORDER**

  Pending before this court is Respondent David Ballard's Motion to Dismiss Petition for Writ of Habeas Corpus as Untimely Filed [Docket 11].  This action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation for disposition ("PF&R") pursuant to 28 U.S.C. § 636(b)(1)(B).  On January 23, 2009, the Magistrate Judge submitted her PF&R and recommended that I grant the respondent's Motion [Docket 14].  As discussed herein, I **ADOPT** the Magistrate Judge's findings and **GRANT** the respondent's Motion.

**I.  Factual and Procedural Background**

  On November 25, 2002, the petitioner, Kevin Eric Kesterson, pled guilty in the Circuit Court of Fayette County, West Virginia, to three counts of incest and three counts of sexual abuse by a parent, guardian or custodian. (Mot. Dismiss, Ex. 1 at 1.)  The petitioner was sentenced to at least fifteen and not more than thirty-five years.  (*Id.* at 6.)  The order of the Circuit Court was entered on December 6, 2002.  (*Id.* at 7.)  The petitioner did not appeal his conviction, and judgment became

final on April 6, 2003. (PF&R 5.) On September 22, 2003, the petitioner filed a petition for writ of habeas corpus with the Supreme Court of Appeals of West Virginia. (*Id.* at 3.) It was refused on October 29, 2003. (*Id.*) On September 27, 2004, the petitioner filed another petition, this time with the Circuit Court. (*Id.*) The Circuit Court denied the petition on its merits on June 21, 2007. (*Id.*) The petitioner filed a petition for the appeal of that denial with the Supreme Court on September 12, 2007, which was refused on January 10, 2008. (*Id.*)

On July 7, 2008, the petitioner filed a Petition for Writ of Habeas Corpus with this court [Docket 2]. On September 9, 2008, the respondent filed the pending motion to dismiss. The petitioner filed his Consolidated Response and Objections on September 24, 2008 [Docket 13]. After the Magistrate Judge filed her PF&R, the petitioner filed his Objections and Exceptions on February 3, 2009 [Docket 15]. The matter is ripe for review.

**II. Discussion**

In her PF&R, the Magistrate Judge recommends that I find that the instant Petition is untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), because it was filed more than one year after the date on which judgment became final and the petitioner has not presented a valid basis for equitable tolling of the statute of limitations. (PF&R 11.) The petitioner objects to the Magistrate Judge's findings. First, he objects to the Magistrate Judge reaching "a conclusion derogatory to the petitioner." (Obj. 1.) He claims that, because the respondent failed to file an objection to his "Consolidated Response," the respondent was acknowledging the correctness of the petitioner's assertions, and, without objections from the respondent, the Magistrate Judge should also have agreed that his pleadings were correct. (*Id.* at 1-2.) Next, he agrees with the Magistrate Judge that no direct appeal from his conviction was filed

with the Supreme Court, but he claims that his trial lawyer erroneously failed to file the appeal. He further claims that the lawyer he hired to either "get appeal rights back" or "do a Habeas Corpus" improperly filed the September 2003 Petition to the Supreme Court. (*Id.* at 2.) The petitioner then filed a habeas corpus petition with the Circuit Court, which was denied nearly three years later. Accordingly, the petitioner asserts that the delays in filing the pending petition were not his fault. (*Id.*) Finally, he asserts that AEDPA violates his constitutional rights because it is a "per se violation of the provisions of the Ex Post Facto Clause." (*Id.* at 3.)

I must review those portions of the PF&R to which the petitioner objects *de novo*. *See* 28 U.S.C. § 636(b)(1)(C). First, I will consider the petitioner's claim that AEDPA violates the Ex Post Facto Clause of the United States Constitution. (Obj. 3.) The Ex Post Facto Clause prohibits Congress from enacting "[a] law that impermissibly applies retroactively, . . . in a way that negatively affects a person's rights, as by criminalizing an action that was legal when it was committed." Black's Law Dictionary (8th ed. 2004). The Sixth Circuit considered whether applying AEDPA's one-year statutory limitation to a prisoner who was convicted prior to but who filed a petition for habeas relief after AEDPA's enactment violated the Ex Post Facto Clause. *Seymour v. Walker*, 224 F.3d 542, 560 (6th Cir. 2000). It held that AEDPA is applicable to all petitions filed after its enactment. *Id*. The Court went on to state that because AEDPA "'neither made criminal a theretofore innocent act, nor aggravated a crime previously committed, nor provided a greater punishment, nor changed the proof necessary to convict,' its application to [the petitioner] d[id] not violate the Ex Post Facto Clause." *Id.* (citation omitted); *see also Ezell v. Boone*, 208 F.3d 225 at *2 (Table) (10th Cir. 2000) ("The Ex Post Facto Clause is implicated when a law retroactively alters the definition of a crime or increases the punishment available for that crime. . . . Application of

28 U.S.C. § 2244(d) does neither."). I agree with the Sixth Circuit. Accordingly, I **FIND** that the prisoners objection to the Magistrate Judge's finding that AEDPA's one-year limitation does not violate the Ex Post Facto Clause is without merit.

Next, I will consider whether the delays in filing this action constitute an extraordinary circumstance that would equitably toll the statute of limitations. *See Harris v. Hutchison*, 209 F.3d 325 (4th Cir. 2000). The petitioner does not contest the untimeliness of his petition. The statute of limitations began to run on April 7, 2003, the day after his judgment became final. ( PF&R 5.) It was equitably tolled during the time that the petitioner's Petition for Writ of Habeas Corpus was pending before the Supreme Court. No other tolling events occurred prior to May 14, 2004, when the statute of limitations expired. Accordingly, if no extraordinary circumstance exists, then I must grant the respondent's motion to dismiss without considering the petitioner's remaining objection because his petition was untimely filed.

Though the petitioner agrees that no direct appeal was filed with the Supreme Court, he objects to the Magistrate Judge's finding that no extraordinary circumstances existed because the failure to file a direct appeal and other delays were attributable to his lawyers and not himself. (Obj. 2.) As an initial matter, I note that the petitioner does not raise the ineffective assistance of counsel as a ground for relief in his petition and only mentions it in passing in his Objections. Moreover, there can only be "constitutional ineffective assistance of counsel where there is a constitutional right to counsel." *Rouse v. Lee*, 339 F.3d 238, 250 (4th Cir. 2003) (citing *Coleman v. Thompson*, 501 U.S. 722, 753 (1991)). The instant petitioner had no right to the appointment of counsel in the state habeas corpus actions. *Id.; see also Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Mugnano v. Painter*, 575 S.E.2d 590, 592 (W. Va. 2002) (citing *Perdue v. Coiner*, 192 S.E.2d 657 (W. Va.

1973)). Because the petitioner did not have the right to assistance of counsel in the 2003 Supreme Court proceeding, his "objection" regarding the ineffectiveness of that counsel is without merit.

Therefore, I will consider only whether the actions of petitioner's counsel constitute "extraordinary circumstances beyond [the petitioner's] control [that] made it impossible to file the claims" before the statute of limitations expired. *Harris*, 209 F.3d at 330. As the Fourth Circuit observed, "a lawyer's mistake is not a valid basis for equitable tolling." *Id.* at 331 (citing *Gilbert v. Sec'y of Health & Human Servs.*, 51 F.3d 254, 257 (Fed. Cir. 1995)). Furthermore, absent ineffective assistance of counsel, the actions of the petitioner's attorneys are attributable to the petitioner because the attorneys were agents of the petitioner. *Rouse*, 339 F.3d at 248-49. I already have determined that the petitioner's assertion regarding ineffective counsel is without merit. Accordingly, I **FIND** that the delays attributable to the petitioner's attorneys were not extraordinary events that tolled the statute of limitations, the petitioner's objection is without merit, and the pending petition was untimely filed.

## III. Conclusion

For the reasons stated above, I **ADOPT** the Magistrate Judge's finding that AEDPA is not unconstitutional as applied to the petitioner. I also **ADOPT** her finding that the petitioner's pending Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 is untimely under 28 U.S.C. § 2244(d)(1) and that the petitioner has not presented a valid basis for the equitable tolling of the statute of limitations. Accordingly, I do not need to address the merits of the petitioner's remaining objection. I **GRANT** the respondent's Motion to Dismiss [Docket 11].

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 8, 2009

_____
Joseph R. Goodwin, Chief Judge